IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENDA M. GORDON, an individual and
resident of Oregon and U.S. Citizen,

        Plaintiff,

v.

ARNE DUNCAN, Secretary of Education, *et al*,

        Defendants.

CV-09-1319-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

    Plaintiff, Brenda M. Gordon ("Gordon"), filed this action on November 9, 2009 (docket # 8), alleging a variety of claims totaling more than $3 million against: (1) two United States agencies (Department of Education ("DOE") and Department of the Treasury ("DOT")) and their respective Secretaries (Arne Duncan and Timothy Geithner); (2) four private companies (Financial Asset Management Services ("FAMS"), Van Ru Credit Corporation ("Van Ru"), Pioneer Credit Recovery, Inc. ("Pioneer"), and CollectCorp, Inc. ("CollectCorp")) that have acted

1 - FINDINGS AND RECOMMENDATION

as General Services Administration ("GSA") collections contractors for federal student loans and their individual officers (Jerry Hogan, President and Chief Executive Officer of FAMS; Albert Rubin, Chief Executive Officer of Van Ru; Earnest H. Wickline, Jr., Chief Executive Officer of Pioneer; and Nicholas C. Wilson, Vice President of CollectCorp); (3) the California Student Aid Commission ("CSAC") and its Executive Director (Diana Fuentes-Michel); (4) the Board of Trustees of California State University; and (5) unnamed "OTHERS."

Between the fall of 1989 and the spring of 1993, Gordon attended California State University, Northridge. Plaintiff's Ex. 32, pp. 2-3 (docket # 18-10). During that time, she took out multiple student loans totaling between $10,000.00 and $25,000.00. Complaint, ¶ 19; Plaintiff's Exs. 11-A, p. 2 (docket # 18-8), Ex. 15 (docket # 18-9). Gordon complains that defendants improperly added loans discharged prior to 1989 to her loan balance, unlawfully shortened the grace period for repayment of her loans from six months to two months, repeatedly refused her an income-dependent repayment plan, failed or refused to discharge the loans pursuant to 20 USC § 1087(a) when she began receiving social security disability income ("SSDI") in 2000, improperly offset portions of her SSDI between 2002 and 2005, and then tacked on approximately $8,000.00 in additional fees during a three-year period of economic hardship deferment. As a result of these allegedly improper actions, defendants assert that Gordon owes over $60,000.00 on a debt that initially was a fraction of that amount.

Based on these allegations, Gordon alleged a variety of claims against all 15 named defendants, including claims for violation of: (1) Subchapter IV, Part B of the Higher Education Resources and Student Assistance Act of 1965 ("HEA"), 20 USC §§ 1071-1087; (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 USC §§ 1692-1692p; (3) the RESTATEMENT

2 - FINDINGS AND RECOMMENDATION

(SECOND) OF CONTRACTS; (4) the Uniform Commercial Code ("UCC") §§ 1-302-1-304; (4) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC §§ 1961-1968; and (5) the Fourteenth Amendment to the United States Constitution.  Gordon also purported to allege a claim for civil conspiracy, as well as the intentional torts of unconscionability, negligence, fraud, defamation, invasion of privacy, and intentional infliction of emotional distress.  As a result, she sought various forms of relief, including:  (1) declaratory and injunctive relief; (2) economic, noneconomic, and special damages exceeding $3 million; (3) sanctions against CSAC which guaranteed and, in mid-1994, paid an insurance claim on her student loans; and (4) an order that she be awarded her Bachelor of Arts diploma from California State University *nunc pro tunc* June 1993.

Although this court granted *in forma pauperis* status to Gordon, it delayed service on any defendant pending its review of the Complaint (docket # 9).  On February 11, 2010, this court issued Findings and Recommendations (docket # 24) that all claims should be dismissed with prejudice, with the exception of potential FDCPA and tort claims against the collection agencies and their officers for acts falling within the statute of limitations and a negligence claim against the United States.  On April 7, 2010, Judge Haggerty adopted these recommendations in part (docket # 27), dismissing the RICO, HEA and unconscionability claims with prejudice and the remaining claims without prejudice, and ordering Gordon to file an Amended Complaint.

After Judge Haggerty denied Gordon's Motion to Set Aside that Order (docket # 38), this court ordered Gordon to file her First Amended Complaint which was filed on June 25, 2010 (dockets # 40 & # 44).  This court also appointed *pro bono* counsel for the limited purpose of reviewing Gordon's claims (docket # 45).  *Pro bono* counsel performed that review and declined

further representation of Gordon (docket # 46).  Gordon then filed a Second Amended Complaint on October 1, 2010 (docket # 52).

By Order dated October 4, 2010, this court directed the U.S. Marshal's Office to serve the summons and Second Amended Complaint on defendants, and also ordered Gordon to complete and submit the summonses and USM285 forms to the Clerk's Office (docket # 53).  Because Gordon had not yet submitted those forms, on December 28, 2010, this court issued an Order to Show Cause in writing by January 28, 2010, why this case should not be dismissed for want of prosecution (docket # 54).  Gordon has not submitted anything in writing to explain why she has stopped prosecuting this case.

## RECOMMENDATION

Based on Gordon's failure to prosecute this case and to timely respond to the Order to Show Cause, this case should be DISMISSED.

## SCHEDULING ORDER

These Findings and Recommendation will be referred to a district judge.  Objections, if any, are due February 22, 2011.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 3rd day of February, 2011.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION